El Pueblo, Demandante y Apelado, *v.* Salcedo, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en causa por acometimiento y agresión grave.

No. 1458.—Resuelto en marzo 2, 1920.

Perito Médico—Heridas—Evidencia Admisible.—No constituye error el permitir a un testigo pericial declarar respecto a la forma de las heridas o la clase de instrumento que probablemente las produjo.

Identificación del Instrumento Causante de las Heridas.—Aun cuando el denunciante no identificara el arma con que le fueron inferidas las heridas, si con las declaraciones de otros testigos se traza el curso que ha seguido tal arma hasta su presentación en el juicio, no cometió error la corte al admitirla en evidencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sres. Carmelo Honoré y G. Altiery.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta fué una causa seguida por un delito de atentado a la vida, en la cual el Jurado declaró culpable al acusado de un delito de acometimiento y agresión con circunstancias agravantes. Ciertas palabras o supuestas palabras de censura vertidas por el denunciante que era un doctor del hospital de la Cruz Roja, referentes al acusado que también trabajaba allí, hicieron que éste último se enfureciera y acercándose furtivamente a dicho denunciante en la calle y con un instrumento contundente de hierro y un palo causara graves lesiones al referido denunciante. Al ser declarado culpable dicho acusado fué sentenciado a la pena de nueve meses de cárcel.

Hay seis señalamientos de error, pero algunos de ellos pueden ser considerados en conjunto. No constituye error el permitir a un testigo perito declarar respecto a la forma de las heridas o la clase de instrumento que probablemente las produjo. Con esto quedan resueltos los dos primeros señalamientos.

El cuarto señalamiento alegado expresa que la corte cometió error al admitir la declaración del denunciante, por ser argumentativa, remota e irrelevante. Sin hacerse más especificaciones de la prueba que realmente fué admitida el señalamiento carece de mérito. No encontramos que la declaración del denunciante al hablar del disgusto y del acometimiento fuera demasiado remota o irrelevante.

Semejantes consideraciones son de aplicación al quinto señalamiento de error, o sea que la declaración de un testigo que presenció el acometimiento era impertinente e irrelevante.

El tercero y sexto señalamientos de error se refieren a la indebida admisión como prueba de un garrote y de un instrumento de hierro o llave inglesa que se alega fué el instrumento con que se verificó el acometimiento. No encontramos prueba alguna de la admisión del garrote y la única cosa en los autos que justifica estos señalamientos consta en la página 26, donde el fiscal presentó como prueba el hierro con el cual se llevó a cabo el acometimiento, manifestando que había sido identificado por el denunciante. La defensa se opuso por el fundamento de que tal hierro no había sido identificado ni por el denunciante ni por ninguna otra persona. El denunciante en realidad de verdad no identificó el instrumento pero sí declaró que fué agredido con un garrote o hierro. El no reconoció el instrumento al serle presentado. Sin embargo, un policía manifestó que ocupó el instrumento que se le mostró en poder de Benito Soler, que por allí se encontraba; otro testigo declara que una persona recogió el objeto que se le muestra al testigo y cree que esa persona era Benito Soler, quien también recogió un instrumento médico perteneciente al denunciante, y dice todavía otro testigo que vió a Benito Soler cuando cogió el hierro. Esto parece ser una suficiente identificación.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.